**FILED**
**CLERK**

7/19/2016 4:57 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
JOSHUA B. DESROSIERS,

                      Plaintiff,

      -against-

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S
OFFICE, NASSAU COUNTY CORRECTIONAL FACILITY,
CORRECTION OFFICERS "JOHN DOE 1-10" in their
Individual and official capacities,

                    Defendants.
----------------------------------------------------------------------------X

**ORDER**
16-CV-01770(JMA)(SIL)

**AZRACK, United States District Judge:**

On April 1, 2016, *pro se* plaintiff Joshua B. Desrosiers ("plaintiff") commenced this action against the Nassau County Correctional Facility (the "Jail") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. On April 7, 2016, plaintiff filed an amended complaint against the Jail and added as defendants the County of Nassau (the "County"), the Nassau County Sheriff's Office (the "Sheriff's Office"), and unidentified corrections officers "John Doe 1-10" ("John Does" and collectively, "defendants"). On June 29, 2016, the County, the Jail and the Sheriff's Office filed an answer to the amended complaint. (See ECF No. 7.)

Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.[1] However, the complaint is *sua sponte*

---

[1] Given that the County has already appeared and filed an answer that does not raise service as an affirmative defense (*see* D.E. # 7), to Court declines to order service of the summons and complaint by the United States Marshal Service ("USMS") on the County.

1

dismissed without prejudice, in part, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons that follow.

## I. BACKGROUND[2]

Plaintiff alleges that, while he was incarcerated at the Jail on January 13, 2015, he was verbally threatened, harassed, and ultimately stabbed by another inmate. (Compl. ¶¶ 21-32.) Plaintiff alleges that after the stabbing, he looked for a guard or corrections officer "but could not locate" anyone. (Id. ¶ 33.) Plaintiff claims that he found a guard "after several minutes of searching" and was taken to the infirmary for his injuries. (Id. ¶¶ 34-35.) Although plaintiff identified his attacker, he alleges that he was dissuaded from filing a report against the inmate who attacked him by unidentified Jail employees. (Id. ¶¶ 36-37.) Because the attacker was allegedly a "member of a gang known for violence", plaintiff was discouraged from making a report against him and was advised that he would be in danger if he did so. (Id. ¶ 38.) Nevertheless, the inmate who attacked plaintiff was permitted to remain in the same dormitory as plaintiff where plaintiff was allegedly subjected to threats and harassment. (Id. ¶ 39.) Plaintiff also claims that he was denied adequate medical care for his injuries. (Id. ¶ 42.) As a result of the foregoing, plaintiff alleges that the Jail, the Sheriff's Office and the County failed to properly administer, investigate and discipline the John Doe officers, causing plaintiff "to suffer severe extreme physical and emotional harm." (Id. ¶ 42.) Plaintiff seeks to recover, *inter alia*, a monetary award in total sum of $22 million. (Id. ¶102.)

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

## II.   DISCUSSION

**A.   *In Forma Pauperis* Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.   Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).    In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

3

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

    **C.**    **Section 1983**

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, *i.e.*, acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (*per curiam*) (internal quotation marks and citation omitted); see

also Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).

### 1. Section 1983 Claims against the Jail and the Sheriff's Office

Plaintiff names the Jail and the Sheriff's Office as defendants. However, the Jail and the Sheriff's Office are non-suable entities because they are merely administrative arms of the County of Nassau. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." See Rose v. County of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); see also France v. Nassau Cnty. Jail, No. 14-CV-2547 (SJF), 2014 WL 1871937, *3 (E.D.N.Y. May 6, 2014) (dismissing Section 1983 claim against NCC because, as an administrative arm of Nassau County, lacks the capacity to be sued) (citing Jones v. Nassau Cnty. Corr. Inst., Nos. 14-CV-1217, 14-CV-1562, 2014 WL 1277908, at * 4 (E.D.N.Y. Mar. 26, 2014) (holding that the Nassau County Jail is merely an administrative arm of the County of Nassau and "lack[s] any independent legal identity apart from Nassau County"); Thomas v. Armor Medical, No. 13-CV-5786, 2014 WL 112374, at * 3 (E.D.N.Y. Jan. 9, 2014) (dismissing claim against the Nassau County Jail because it "has no legal identity separate and apart from Nassau County"); Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011)). Therefore, plaintiff's claims against the Jail and the Sheriff's Office are implausible as a matter of law and are thus dismissed.

### 2. Claims against the "John Does"

Plaintiff's claims against the John Does shall proceed and the Court orders service upon these defendants by the USMS. However, the USMS will not be able to serve these defendants without more information. Accordingly, if, during the course of discovery, the plaintiff ascertains information concerning the identities of the individuals he seeks to sue, he may seek leave to further amend the complaint to add such individuals, summonses shall issue and the USMS shall

serve them.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the claims against the Jail and the Sheriff's Office are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii) for failure to state a claim for relief.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                                           /s/ JMA_____
                                                                                     Joan M. Azrack
Dated:    July 19, 2016                                                  United States District Judge
             Central Islip, New York